UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Michael Semancik,<br>Plaintiff,<br><br>v.<br><br>Bene Hospitality Group, LLC d/b/a Savi Cucina & Wine Bar,<br>Defendant. | CASE NO.: _____<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

The Plaintiff, complaining of the Defendant, would show unto this Honorable Court as follows:

1. This suit is brought, and jurisdiction lies pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.* and the U.S. Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §621-634.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

    a. A charge of employment discrimination on basis of age discrimination and retaliation was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

    b. A Notice of the Right to Sue was received from EEOC on or about September 28, 2023.

    c. This Complaint has been filed within ninety (90) days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

3. The Plaintiff, Michael Semancik, is a citizen and resident of the State of South Carolina, and resides in Charleston County, South Carolina.

4. The Defendant, Bene Hospitality Group, LLC d/b/a Savi Cucina & Wine Bar, upon information and belief, is a domestic corporation organized and operating under the laws of the State of South Carolina.

5. All discriminatory and otherwise illegal employment practices alleged herein were committed within the State of South Carolina.

6. The Defendant is a "person" within the meaning of §701 of Title VII and the ADEA.

7. The Defendant is an industry that affects commerce within the meaning of Title VII and the ADEA.

8.  The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of §701 of Title VII and the ADEA.

9.  Therefore, the parties, matters and all things hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

10. On or about June 27, 2022, the Plaintiff began working for the Defendant as a Culinary Director.

11. At the onset of the Plaintiff's employment with Defendant, the parties agreed that in exchange for his work as Culinary Director, the Plaintiff was to be compensated with a base salary, plus quarterly bonus, plus paid time off ("PTO").

12. Although the Plaintiff performed exemplary work, on or about February 16, 2023, Defendant owner Ty Raju commented "I could have hired a new young chef for half of what I'm paying you," immediately prior to terminating his employment.

13. The Plaintiff was fifty-two (52) years old at the time of these events and was an older employee as defined by the ADEA.

14. Following his termination, the Plaintiff was immediately replaced by a younger individual (approximately 30 years old) who had less experience and was less qualified to fill the Plaintiff's role.

15. The conduct of the Defendant aforementioned constitutes a violation of the ADEA.

16. It was the duty of Defendant, by and through its agents, to prevent such acts of discrimination from occurring, but failed to do so.

17. Despite the agreement to pay the Plaintiff a quarterly bonus and unused PTO at his departure, the Defendant has failed to pay him in accordance with that agreement.

## FOR A FIRST CAUSE OF ACTION
### Violation of Age Discrimination in Employment Act

18. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

19. The Plaintiff was a member of a protected group on the basis of his age.  He was an employee in a position for which he was qualified and was an individual over forty (40) years old. Plaintiff was discharged from his position due to his age in violation of the ADEA.

20. Further, the Defendant was wanton and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a. In failing to continue to employ Plaintiff due to his age;

    b. In terminating Plaintiff due to his age;

    c. In showing preferential treatment to younger individuals (under the age of forty);

    d. By hiring and replacing the Plaintiff with a younger, less qualified individual; and

    e. In other particulars which discovery may show.

21. The Plaintiff's age was a determining factor in the discrimination perpetrated against him. But for the Plaintiff's age, he would not have been terminated.

22. The Defendant violated the ADEA by allowing the discrimination to exist in the workplace.

23. As a direct and proximate result of these acts and practices of Defendant, the Plaintiff has suffered and continues to suffer from loss of income, loss of benefits, disgust, humiliation, embarrassment, shock, indignities, and other past and future losses.

### FOR A FIRST CAUSE OF ACTION
### Breach of Contract

24. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

25. That Plaintiff and Defendant entered into a contract whereby the Defendant agreed to employ the Plaintiff in exchange for the compensation package set forth above.

26. The Defendant has failed to pay the Plaintiff in accordance with that agreement and therefore, has breached the contract between the parties.

27. As a direct and proximate result of Defendant's breach of the parties' contract, the Plaintiff has been damaged in such amount as a judge and jury may determine.

### FOR A SECOND CAUSE OF ACTION
### Violation of South Carolina Payment of Wages Act

28. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

29. The Defendant wrongfully withheld the Plaintiff's wages despite performing his job duties in an exemplary manner.

30. The Plaintiff is therefore entitled to an award of damages for that which he is rightfully owed, plus treble damages and attorney's fees and costs pursuant to the South Carolina Payment of Wages Act, S.C. Code §41-10-80.

## FOR A THIRD CAUSE OF ACTION
### Unjust Enrichment

31. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

32. The Defendant has been unjustly enriched by retaining wages which rightfully belong to the Plaintiff while receiving the benefit of the work the Plaintiff performed.

33. As a result of the unjust enrichment of the Defendant, the Plaintiff is entitled to an award of damages in an amount to be determined by the trier of fact.

## REQUEST FOR RELIEF

34. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

35. That by reason of such wrongful acts of the Defendant, Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of action in an amount which is fair, just and reasonable;

2. Judgment in favor of the Plaintiff and against Defendant for back pay and other lost or diminished benefits in an amount to be determined by the trier of fact;

3. Judgment in favor of the Plaintiff and against Defendant for front pay and other benefits in an amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for compensatory damages;

5. Judgment in favor of the Plaintiff and against Defendant for prejudgment interest, costs and attorney's fees as may be allowed by law;

6. Judgment in favor of the Plaintiff and against Defendant any other relief this Honorable Court deems just, proper and allowable under the law.

*(Signature on following page)*

                                              **WIGGER LAW FIRM, INC.**

s/*Emily Hanewicz Tong*
Emily Hanewicz Tong (Fed. ID# 12177)
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
Telephone: (843) 553-9800
Facsimile: (843) 203-1496
Email: ehtong@wiggerlawfirm.com
Attorney for the Plaintiff

North Charleston, South Carolina
December 22, 2023